## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Interactive Health Solutions, Inc. *et al* [1] | Case No.  20-11526 (BLS) |
| Debtors. | (Jointly Administered) |
| | Related Doc. No. 96, 103 |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF CASH COLLATERAL, SHARING AND REIMBURSEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND BANK OF MONTREAL, AS FIRST LIEN ADMINISTRATIVE AGENT FOR PRE-PETITION FIRST LIEN LENDERS, PROVIDING FOR (I) DETERMINATION AND ALLOWANCE OF THE PRE-PETITION FIRST LIEN LENDERS' PRE-PETITION CLAIMS AND LIENS; (II) THE TRUSTEE'S SALE OF THE DEBTORS' ASSETS AND PRE-PETITION FIRST LIEN LENDERS' COLLATERAL; (III) THE TRUSTEE'S USE OF THE PRE-PETITION FIRST LIEN LENDERS' CASH COLLATERAL; (IV) THE SPECIFIED CARVE-OUT OF THE LENDERS' LIENS; AND (V) OTHER MATTERS CONCERNING THE TRUSTEE'S CONTEMPLATED SALE(S) OF COLLATERAL**

Upon consideration of the Motion of Chapter 7 Trustee for Approval of Cash Collateral, Sharing and Reimbursement Agreement Between Chapter 7 Trustee and Bank of Montreal, as First Lien Administrative Agent for Pre-Petition First Lien Lenders, Providing for (I) Determination and Allowance of the Pre-Petition First Lien Lenders' Pre-Petition Claims and Liens; (II) the Trustee's Sale of the Debtors' Assets and Pre-Petition First Lien Lenders' Collateral; (III) the Trustee's Use of the Pre-Petition First Lien Lenders' Cash Collateral; (IV) the Specified Carve-Out of the Lenders' Liens; and (V) Other Matters Concerning the Trustee's

---

[1] The debtors in the above-captioned chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Interactive Health Solutions, Inc. ("IHS") (8756); Interactive Health Holdings Corp. ("IH Holdings") (4913); IHS Intermediate, Inc. ("IHS Intermediate") (4172); Interactive Health New York, LLC ("IHNY") (2261); Health Solutions, Inc. ("Health Solutions") (0944); and Health Solutions Services, Inc. ("Health Services") (0325).  The address of the first four Debtors is 1700 East Golf Road, Suite 900 Schaumburg, Illinois 60173 while the address of the last two Debtors is 11409 Cronhill Drive, Suite K-R, Owings Mills, Maryland 21117.

Contemplated Sale(s) of Collateral (the "Motion"),[2] and after notice and hearing, and having

determined that the Notice as described in the Motion was adequate, no further notice need be

given, and good cause exists, it is hereby

ORDERED, that the Motion is GRANTED; and it is

FURTHER ORDERED, that the Sharing and Reimbursement Agreement attached to the

Motion as Exhibit "A" (the "Sharing Agreement"), and the terms and provisions of the Sharing

Agreement (including but not limited to the stipulations and releases contained therein), are

hereby APPROVED and the Trustee is hereby authorized to take any and all actions necessary to

implement the Sharing Agreement in accordance with the terms and conditions set forth in the

Sharing Agreement; and it is

FURTHER ORDERED, that the Allowed Claims are hereby allowed, and not subject to

any challenge, as secured claims (secured by first priority liens and security interests granted by

the Debtors to BMO, for the benefit of the Pre-Petition First Lien Lenders, in the Collateral) to

the extent of the value of the Collateral and as general unsecured deficiency claims to the extent

such claims exceed the value of the Collateral; and it is

FURTHER ORDERED, that the Pre-Petition First Liens in favor of BMO for the benefit

of the Pre-Petition First Lien Lenders are (i) valid, binding, perfected, enforceable liens in the

Collateral and, subject to section 552 of the Bankruptcy Code, all post-petition proceeds,

products, offspring, rents and profits thereof, (ii) not subject to avoidance, recharacterization,

reduction, disallowance, impairment, or subordination under the Bankruptcy Code or applicable

non-bankruptcy law, and (iii) subject and subordinate only to the Carve-Out; and it is

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings given in the Motion.

FURTHER ORDERED, that the Pre-Petition First Lien Financing Documents are valid and binding agreements and obligations of the Debtors and the Debtors' estates; and it is

FURTHER ORDERED, that the Pre-Petition First Lien Obligations constitute legal, valid, and binding obligations of the Debtors' estates, enforceable in accordance with their terms and no objection, offset, defense, or counterclaim of any kind or nature to the Pre-Petition First Lien Obligations exists, and that the Pre-Petition First Lien Obligations, and any amounts previously paid to BMO or the Pre-Petition First Lien Lenders on account thereof or with respect thereto, are not subject to avoidance, recharacterization, reduction, disallowance, impairment, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and it is

FURTHER ORDERED, that the automatic stay under section 362(a) of the Bankruptcy Code shall be, and hereby is, modified, to the extent necessary to permit BMO to receive, collect and apply payments and proceeds in respect of the Collateral in accordance with, and to otherwise implement and comply with, the terms and provisions of the Sharing Agreement and the Loan Documents; and it is

FURTHER ORDERED, that BMO is entitled to, and is hereby be granted relief from the automatic stay to permit BMO to, withdraw the Cash on Hand and apply such Cash on Hand on a final basis not subject to challenge or disgorgement and without any charge or deduction by the Trustee or the Debtors' estates for any reason, to the Pre-Petition First Lien Obligations in accordance with the Pre-Petition First Lien Financing Documents, and to then close the BMO Accounts; and it is

FURTHER ORDERED, that BMO, as administrative agent for the benefit of the Pre-Petition First Lien Lenders, is hereby granted the Adequate Protection Priority Administrative

3

Claim as adequate protection for Diminution in Value as set forth in the Sharing Agreement; and it is

FURTHER ORDERED, that, except as otherwise provided in the Pre-Petition First Lien Financing Documents, so long as any obligation to BMO or the Pre-Petition First Lien Lenders shall remain outstanding thereunder, (i) the Trustee shall not, directly or indirectly, create, incur, assume or permit to exist any security interest, encumbrance, lien or other security arrangement of any kind, on or with respect to any of the Collateral, or take any action which would grant or create a lien or security interest in favor of any person in such assets other than to BMO and the Pre-Petition First Lien Lenders, and (ii) there shall not be entered in the Bankruptcy Cases any further order which authorizes, under any section of the Bankruptcy Code, including 11 U.S.C. §§ 105 and 364, the procurement of credit or the incurring of indebtedness secured by a lien or which is entitled to super priority administrative claim status which is, in either case, equal to or superior to that of BMO and the Pre-Petition First Lien Lenders (except with respect to a lien on the Collateral which is senior to the security interests of BMO, if any, as of the Petition Date), unless in each instance (x) BMO and the Pre-Petition First Lien Lenders shall have given their prior written consent thereto (and no such consent shall ever be implied from any other action, inaction or acquiescence by BMO and the Pre-Petition First Lien Lenders) or (y) such other order requires that the Pre-Petition First Lien Obligations be indefeasibly paid in full in cash and discharged contemporaneously with the entry of such order; and it is

FURTHER ORDERED, that, except to the extent of the Carve-Out, no costs or expenses of administration of these chapter 7 cases or any future proceeding that may result therefrom shall be charged against or recovered from the Collateral, BMO or the Pre-Petition First Lien Lenders pursuant to Bankruptcy Code sections 506(c) or 105(a), or any similar principle of law

4

or equity, without the prior written consent of BMO and the Pre-Petition First Lien Lenders, and

no such consent shall be implied from any other action, inaction or acquiescence by BMO or the

Pre-Petition First Lien Lenders, and the Trustee shall not consent or agree to the grant of a post-

petition lien on any assets of the Debtors or the Estates to any party without the prior written

consent of BMO, and no such consent shall be implied from any other action, inaction or

acquiescence by BMO; and it is

FURTHER ORDERED, that the Lender Releases and the Trustee Releases are hereby

authorized and approved, and all parties are hereby barred and enjoined from seeking to pursue

any such Released Claims; and it is

FURTHER ORDERED, that the terms and provisions of this Order and the Sharing

Agreement shall (i) be binding upon and inure to the benefit of BMO and the Pre-Petition First

Lien Lenders to the extent and as set forth herein, the Trustee, the Debtors, all creditors and

equity interest holders of the Debtors, all other parties in interest, and all of their respective

successors and assigns (including any trustee hereafter appointed or elected under the

Bankruptcy Code for the estate of any of the Debtors or any other fiduciary appointed as a legal

representative of any of the Debtors or with respect to the property of the estate of any of the

Debtors) and (ii) bind any trustee hereafter appointed for the estate of any of the Debtors, under

any chapter of the Bankruptcy Code, and shall survive any conversion, confirmation or

consummation of any plan(s) of reorganization or liquidation, or dismissal of the Debtors' cases

under the Bankruptcy Code; and it is

5

FURTHER ORDERED, that this Court shall have jurisdiction over all matters arising from or relating to this Order and the Sharing Agreement; and it is

FURTHER ORDERED, that this Order shall take effect and be fully enforceable immediately upon entry of this Order.  Notwithstanding any Bankruptcy Rule or other applicable law, there shall be no stay of execution or effectiveness of this Order.

**Dated: February 26th, 2021**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

6